**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NORTHGATE TECHNOLOGIES, INC.** | |
| *Plaintiff,* | **Case No.:     1:12-cv-7032** |
| v. | **Honorable Richard A. Posner** |
| **STRYKER CORPORATION d/b/a STRYKER ENDOSCOPY and W.O.M. WORLD OF MEDICINE AG** | |
| *Defendants.* | |

## PLAINTIFF NORTHGATE TECHNOLOGIES, INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM (LIABILITY)

Northgate suggests that the Federal Civil Jury Instructions of the Seventh Circuit prepared by The Committee on Pattern Civil Jury Instructions of the Seventh Circuit and revised in 2009, are the most appropriate starting point for jury instructions in this case. Thus, Northgate submits the following proposed Jury Instructions, which are based upon the Seventh Circuit's Pattern Instructions. Where Northgate has substantively modified an instruction, it is noted at the bottom of the instruction. Northgate's proposed verdict form on liability is included at the end of its proposed jury instructions on liability.

An unmodified portion of the Seventh Circuit's Pattern Instructions that addresses patent trials is attached as Exhibit 1. Portions of the proposed instructions are also based on the Federal Judicial Center's Proposed Model Jury Instructions for The Use of Electronic Technology to Conduct Research on or Communicate about a Case, prepared by the Judicial Conference Committee on Court Administration and Case Management in June 2012. A copy is attached as

Exhibit 2.  Finally, some proposed instructions are based on the proposed and final jury

instructions in *Apple Inc. v. Motorola, Inc.*, No. 11-8540.

## *Preliminary Instructions (Liability)*

## 1.1 THE PARTIES AND THE NATURE OF THE CASE

This is a patent case.  It involves U.S. Patent No. 6,299,592.  Patents are often referred to by their last three digits.  I will call the patent in this case the '592 patent.

The '592 patent relates to a laparoscopic insufflator.  A laparoscopic insufflator delivers gas to inflate a patient's abdomen during laparoscopic surgery.  During the trial, the parties will offer testimony to teach you about this technology.

The parties to the lawsuit are Northgate Technologies, Inc. (which the parties call "Northgate"), W.O.M. World of Medicine AG (which the parties call "W.O.M."), and Stryker Corporation, which does business as Stryker Endoscopy (which the parties call "Stryker").  Northgate is the plaintiff and the owner of the '592 patent, and manufactures insufflators in Elgin, Illinois.  W.O.M. and Stryker are the defendants.  W.O.M. manufactures medical equipment in Germany and imports it into the United States.  W.O.M. products include insufflators, which it sells to medical device companies, such as Stryker.

Northgate contends that W.O.M. is infringing the '592 patent by its importing into the United States and offering to sell and selling the PneumoSure and PneumoSure XL Insufflators to Stryker.  Northgate also contends that Stryker is infringing the '592 patent by importing into the United States and offering to sell and  selling the PneumoSure and PneumoSure XL Insufflators to hospitals and other customers.  For purposes of this case, I will refer to both insufflators as the PneumoSure Insufflator because both products have the identical elements that Northgate contends are infringing the '592 patent.

Northgate contends that it is entitled to recover damages caused by the infringement by W.O.M. and Stryker.  Northgate also contends that W.O.M.'s and Stryker's infringement has been willful.

W.O.M. and Stryker deny that they infringe the '592 patent and also contend that the '592 patent is invalid.

I will explain these contentions to you later.  First, I want to discuss your role and give you some background about the U.S. patent system, the parts of a patent, and how a person gets a patent.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.1.

## 1.2  THE PATENT SYSTEM

Patents are issued by the United States Patent and Trademark Office, which is part of our government.

A patent is granted to the inventor for a set period of time, which, in this case, is 20 years from the time the application for the patent was filed.

During the term of the patent, if another person makes, uses, offers to sell, or sells in the United States or imports a product that is covered by the patent without the patent owner's consent into the United States, that person is said to infringe the patent.  The patent owner enforces a patent against persons believed to be infringers in a lawsuit in federal court, such as in this case.

The invention covered by a patent is described in the part of the patent that are called the "patent claims."  The patent claims are found in separately-numbered paragraphs at the end of the patent. When I use the word "claim" or "claims," I am referring to those numbered paragraphs.

To be entitled to patent protection, an invention must be new, useful, and non-obvious.  A patent is not valid if it covers a product that was already known or that was obvious at the time the invention was made.  That which was already known at the time of the invention is called a "prior disclosure."  I will give you more instructions about what constitutes a prior disclosure at the end of the case.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.2.  The Committee also suggests the jury view the Federal Judicial Center's Video for an introduction to the patent system.  The video was recently updated and available here:
http://search.uscourts.gov/search/news/videos?affiliate=uscourts.gov&m=false&query=patent

3

**1.3 HOW A PATENT IS OBTAINED**

When an applicant for a patent files a patent application with the Patent and Trademark Office, the application is assigned to a Patent Examiner. The Patent Examiner reviews the application to determine whether or not the invention described in the patent application and set out in the patent claims meets the requirements of the patent laws for a patentable invention.

The Patent Examiner advises the applicant of his findings in a paper called an "office action." The Examiner may "reject" the claims, that is, refuse to issue a patent containing those claims, if he believes the claims do not meet the requirements for patentable inventions. The applicant may respond to the rejection with arguments to support the claims, by making changes or amendments to the claims, or by submitting new claims. If the Examiner ultimately determines that the legal requirements for a patent have all been satisfied, he "allows" the claims, and the Patent and Trademark Office issues a patent.

This process, from the filing of the patent application to the issuance of the patent, is called "patent prosecution." The record of papers relating to the patent prosecution is called the prosecution history or file history. The prosecution history becomes available to the public when the patent is issued or the application is published by the Patent and Trademark Office (normally 18 months after filing).

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.3.

## 1.4 THE PARTS OF A PATENT

A patent includes two basic parts: a written description of the invention and the patent claims. The written description, which may include drawings, is often called the "specification" of the patent.

You have been provided with a copy of the '592 patent. Please look at the patent as I identify its different sections.

The first page of the '592 patent provides identifying information. If you look at the top right hand side of the page, you will see the patent number 6,299,592 and the date the patent issued, October 9, 2001. On the left hand side of the page, you will see the inventor's name, Charles Zander, the filing date, October 16, 1998, the assignee, Northgate Technologies, Inc., which is the company that currently owns the patent, and a list of the prior publications considered by the Examiner during the patent prosecution.

The specification of the patent begins with a brief statement about the subject matter of the invention, which is called an abstract. The abstract is found on the first page.

The next four pages of the patent are the drawings, which are labeled as Figures 1 to 4. The drawings or Figures visually depict various aspects or elements of the invention. The invention is described in words later in the patent specification.

The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the '592 patent begins at column 1, line 1, and continues to column 10, line 28. The written description includes a background of the invention section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The written description is followed by numbered paragraphs, which are called the claims. Each claim is divided into a number of parts, which are called "claim limitations" or "claim elements." In the '592 patent, the claims begin at column 10, line 30 and continue to the end of the patent, at column 16, line 25.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.4.

**1.5 THE PATENT CLAIMS**

The claims of a patent define the invention covered by the patent.  In other words, the claims describe what the patent does and does not cover, somewhat like the way a property deed describes the boundaries of a parcel of land.

When a product, like the PneumoSure Insufflator, is accused of infringing a patent, the patent claims must be compared to the accused product to determine whether infringement has been proven.  The claims are also at issue when the validity of a patent is challenged.  In reaching your determinations with respect to infringement and invalidity, you must consider each claim of the patent separately.

In this case, we are concerned with claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent. Northgate contends that the PneumoSure Insufflator infringes these claims.  W.O.M. and Stryker deny infringement and contend that claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 are invalid.

The language of patent claims may not be clear to you, or the meaning or the claims may be disputed by the parties.  At the conclusion of the evidence portion of the trial, I will tell you what certain words in the patent claims mean.  You must use the meanings I give you when you decide whether each patent claim is infringed and whether it is invalid.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.5.  The Committee suggests, and Northgate agrees, the court's construction be used by counsel during opening statements rather than providing constructions in the preliminary instruction.

## 1.6 JURY'S ROLE & ISSUES TO BE DECIDED

The jury's role is to determine the facts relating to the legal issues. I will tell you what the law is and you'll apply the law to the facts to determine which side wins. Nothing I say during the trial is intended to indicate what I think the facts are or your verdict should be. You are the decision makers. Although this is a civil case rather than a criminal case, it is very important to the parties. They and I expect you to make a careful, thoughtful, conscientious decision, bearing in mind the importance of the case to the parties. The parties are businesses rather than individuals, but they have legal rights just as individuals do and are entitled to the same consideration that you would give a case between individuals.

I will now give you some information about the law and the issues that will be presented to you at this trial. At the close of the trial, I will give you specific instructions about the law you are to follow as you deliberate to reach your verdict. You must follow the law as I describe it to you.

**Northgate's Comment:**

Based on Jury Instructions at 5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012) and the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.6.

**1.7 INFRINGEMENT; BURDEN OF PROOF**

Northgate contends that W.O.M. and Stryker infringed and continue to infringe the '592 patent. W.O.M. and Stryker deny these contentions. Northgate is required to prove infringement by a preponderance of the evidence. This means that Northgate must persuade you that its contentions are more probably true than not true. I will now describe Northgate's contentions regarding the issue of infringement.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.7.

## 1.8 INFRINGEMENT

The PneumoSure Insufflator is used in laparoscopic surgery, which is abdominal surgery performed through small incisions.  To create viewing and working space beneath the wall of the abdomen that will enable the surgeon to see what he's doing, the PneumoSure Insufflator elevates the abdominal wall ("insufflated" in medical jargon) above the internal organs.  This is done by injecting an inert gas (typically, carbon dioxide) through an insufflation tube connected to a device called a "trocar" that is inserted into the patient's abdomen through a small incision. (The trocar is a portal through which instruments for performing the surgery are inserted.) The other end of the insufflation tube is plugged into the PneumoSure Insufflator, which receives the gas and regulates its flow into the patient's abdomen.

The PneumoSure Insufflator also uses a separate measuring tube to monitor the pressure in the patient's abdomen.  The pressure exerted on the abdominal wall by the gas must be monitored to make sure the abdominal wall is elevated to the desired height (called "pneumoperitoneum") but no higher.  The use of a separate measuring tube to monitor pressure allows the PneumoSure Insufflator to deliver gas to the patient through the insufflation tube while the patient's abdominal pressure is being monitored.  While delivering gas to the patient through a delivering line, the PneumoSure Insufflator uses insufflating gas to check the separate measuring tube for blockage or leakage to ensure its pressure measurements are reliable.

Northgate contends that the PneumoSure Insufflators infringe claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent by their use, sale, offer for sale, and/or importation of the PneumoSure Insufflator.

To establish infringement of an asserted patent claim, Northgate must prove that every element in the claim is found in the PneumoSure Insufflator.  An element of a claim is found in the PneumoSure Insufflator if the element is either in the product exactly as it is in the claim or the element is in the product in a manner that is equivalent to what is in the claim.

A part of the W.O.M. and Stryker products is equivalent to a claim element if it performs substantially the same function, in substantially the same way, to reach substantially the same result, or if a person of ordinary skill in the field of the invention would regard any differences between them as insubstantial.

In my instructions at the end of the case, I will explain in more detail how you make this determination.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.8.  Modified to add a description of the accused product and that a product is equivalent if "a person of ordinary skill in the field of the invention would regard any differences between them as insubstantial."

**1.9 WILLFUL INFRINGEMENT**

Northgate also contends that W.O.M. and Stryker willfully infringed Northgate's patent.

To prove willful infringement with regards to W.O.M., Northgate must prove by clear and convincing evidence that it was highly probable that the PneumoSure Insufflator infringed the '592 patent, and W.O.M. either knew of this high probability, or it was so apparent that W.O.M. should have known.

To prove willful infringement with regards to Stryker, Northgate must prove by clear and convincing evidence that it was highly probable that the PneumoSure Insufflator infringed the '592 patent, and Stryker either knew of this high probability, or it was so apparent that Stryker should have known.

"Clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true.  First, you must decide whether there was infringement under the lower preponderance of evidence standard of proof that I mentioned earlier, and if you find there was, you should go on to decide whether the infringement was willful.

At the conclusion of the case, I will explain in more detail how you are to decide the issue of willful infringement.

At the conclusion of the case, I will explain in more detail how you are to decide the issue of willful infringement.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.10. Modified "highly likely" to "highly probable" to provide a consistent definition for clear and convincing evidence.

**1.10 INVALIDITY**

W.O.M. and Stryker contend that claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent are invalid.  Northgate denies that these claims are invalid.

The law presumes each claim of the '592 patent to be valid.  For this reason, W.O.M. and Stryker have the burden of proving that each asserted claim is invalid by clear and convincing evidence.  As I explained before, "clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true.  This is a higher burden of proof than "preponderance of the evidence."

If you find based upon clear and convincing evidence that the requirements for a valid patent are not met for a patent claim, then that claim is invalid.  You must consider the issue of validity separately for each claim that is at issue.

I will now explain to you briefly the legal requirements for each of the grounds on which W.O.M. and Stryker rely to contend that the patent claims are invalid.  I will provide more details for each ground in my final instructions.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.12.

**1.11 INVALIDITY — ANTICIPATION**

W.O.M. and Stryker contend that the invention covered by claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent is not new because it was "anticipated" by a "prior disclosure." A "prior disclosure," in general, includes anything that was publicly known prior to Northgate's invention. I will provide you with a more specific definition following the conclusion of the evidence.

To prove that a claim is anticipated by a prior disclosure, W.O.M. and Stryker must prove by clear and convincing evidence that each and every element of the claim is present in a single prior disclosure and that a person with an ordinary level of skill in the field of the invention who looked at the prior disclosure would have been able to make and use the invention disclosed in the claim.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.13. Modified "prior art" to "prior disclosure."

## 1.12 INVALIDITY — OBVIOUSNESS

W.O.M. and Stryker contend that claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent are invalid as being obvious over prior disclosures. A patent claim is invalid for obviousness if a person with an ordinary level of skill in the field of the invention who knew about all the prior disclosures existing at the time of the invention would have come up with the claimed invention at that time. Unlike anticipation, obviousness may be shown by considering more than one prior disclosure.

In deciding obviousness, you should put yourself in the position of a person with ordinary skill in the field at the time of the claimed invention. You must not use hindsight; in other words, you may not consider what is known today or what was learned from the '592 patent. In addition, you may not use the '592 patent as a roadmap or guide for selecting and combining items of prior disclosure.

In deciding obviousness, you may also consider whether a person of ordinary skill in the field would have been discouraged from following the path the inventor took, keeping in mind that Northgate is not required to show such discouraging factors. As I have stated, W.O.M. and Stryker have the burden of proving obviousness by clear and convincing evidence. In making your decision regarding obviousness, you should consider the following:

1)  The scope and content of the prior disclosure. You may consider prior disclosure that was reasonably relevant to the problem the inventor faced, including prior disclosure in the field of the invention and prior disclosure from other fields that a person of ordinary skill would consider when attempting to solve the problem.

2)  Any differences between the prior disclosure and the invention in the patent claim.

3)  The level of ordinary skill in the field of the invention at the time of the invention.

4)  Any of the real world indications of non-obviousness. I will provide more details for indications of non-obviousness in my final instructions.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.14, 11.3.6. Modified "prior art" to "prior disclosure."

**1.13 PERSON OF ORDINARY SKILL**

In these instructions, I have used the concept of a "person of ordinary skill in the field of the invention." In this case, the field of the invention is laparoscopic insufflators. In this case the parties agree that a person of ordinary skill in the art would have an engineering degree and experience in the areas of sensors, control systems, and electromechanical devices.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.16. Modified to include the parties agreement on the ordinary level of skill in the art.

**1.14 EVIDENCE**

The evidence you'll be hearing or reading consists of testimony of witnesses, documents admitted into evidence as exhibits, and any fact that the lawyers agree to or that I may instruct you to accept as being true. The exhibits are in binders, one for each side, which you will be given momentarily.

The parties may present the testimony of a witness by playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had appeared in court. The witnesses will include laypeople and experts who will testify about each party's case. Each party has employed an expert to testify about infringement and validity issues. Other experts may also testify about infringement and validity issues during the course of trial.

Certain things are not evidence and must not be considered by you:

> a. Statements, arguments, and questions by lawyers.
>
> b. Objections to questions or exhibits. Lawyers are entitled to object when evidence being offered is inadmissible. If the objection is sustained, ignore the question or exhibit. If the objection is overruled, treat the answer or exhibit like any other.
>
> c. Testimony that I have excluded or told you to disregard.
>
> d. Anything you may have heard or read about this matter outside the courtroom. You're to decide the case solely on the basis of the evidence presented in the courtroom.
>
> e. Certain exhibits that are called "demonstrative exhibits," such as presentation slides, models, diagrams, graphs, and sketches, may be shown to you but they are not themselves evidence; they're just to help you understand the case better.

In deciding whether any fact has been proved, you should consider all the evidence relating to the question regardless of which side introduced it. You should also decide how much of a witness's testimony to accept or reject.

**Northgate's Comment:**

Based on Jury Instructions at 5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), modified to describe layperson and expert witnesses.

## 1.15 JURY CONDUCT

A few words about your conduct as jurors.

You are not to discuss the case among yourselves until at the end of the case when you go to the jury room to deliberate and to decide on your verdict.

You're not to talk to anyone (including members of your family, and friends) or make any public or online comments about this case until the trial has ended and you have been discharged as jurors.

You're not to read or listen to anything bearing on this case in any way, including news stories, radio or television reports, or the Internet. You're not to do any research or conduct any other type of investigation of the case, the lawyers, the witnesses, or the companies that are the parties. If anyone tries to talk to you about the case, bring that to my attention promptly.

Keep an open mind while listening to and reading all the evidence. Don't form an opinion until all the evidence is in.

You've been given pads on which to make notes if you want, but leave the pads in the jury room at the end of each day, until you begin your deliberations with the other jurors. Try not to look at other jurors' notes; but if you inadvertently see them, don't let them influence you, because they may not be accurate.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, smart phones, tablets, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your phone, through e-mail, telephone, text messaging, or through any blog or website, including Facebook, Google+, My Space, LinkedIn, Twitter, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 4-5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012), Jury Instructions at 5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), and Federal Judicial Center's Proposed Model Jury Instructions – The Use of Electronic Technology to Conduct Research on or Communicate about a Case.

**1.16 TRIAL TO BEGIN**

The trial will now begin.  Each side will make an opening statement.  The opening statement is not evidence, but just a sketch of what the party intends to prove.  Next each side will present its witnesses, and the lawyers for the other side will cross-examine them, to try to bring out errors, if any, in their testimony.  After all the witnesses have testified, the lawyers will present closing arguments.  I will then give you final instructions, setting forth the law in somewhat greater detail than in these preliminary instructions, and you'll then go to the jury room with a copy of the instructions, your notes, and your evidence binders, to deliberate on your verdict.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 4-5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012) and Jury Instructions at 7, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

*Final Instructions (Liability)*

## 2.1 INTRODUCTION

Members of the jury, you've seen and heard all the evidence and arguments of the lawyers. Now it's your turn. You'll decide, on the basis of the evidence you've heard and read, what the facts are that relate to how the case should be decided, and you'll apply the law that I explain to you in these instructions to the facts to reach a verdict – the final determination of how the case will turn out. You must follow my legal instructions, even if you disagree with them, because they state the law, and you must apply the law, just like a judge.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said during the trial, is meant to indicate what I think the facts are or your verdict should be.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.2 EVIDENCE**

The evidence consists of testimony of the witnesses, the exhibits admitted in evidence, and stipulations, which are agreements between both sides that certain facts are true. You should give the same consideration to testimony presented to you by video as you would if the witnesses had come to court and testified live.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.3 NOT EVIDENCE**

These things are not evidence:

- Testimony or exhibits that I ordered stricken.

- Anything you saw or heard outside this courtroom.

- Questions to witnesses, and objections to questions by lawyers.

- The lawyers' opening statements and closing arguments.

- Any notes you took during the trial; they are just to help you remember things.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

## 2.4  CONSIDER ALL EVIDENCE

In determining whether any fact has been proved, you should consider all of the evidence relating to the question regardless of which side introduced it.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.5 WEIGHT OF FACT TESTIMONY**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, and how much weight, if any, to give the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 4-5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012).

**2.6 WEIGHT OF EXPERT TESTIMONY**

You have heard some opinions from witnesses who are called "expert witnesses" who have specialized knowledge.  You should weigh this testimony in the same way that you weigh the testimony of any other witness.

You are not required to accept an expert's opinion, but you must give an expert's testimony the weight you think it deserves, considering the reasons for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Northgate's Comment:**

Based on Jury Instructions at 9, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.7     PERSON OF ORDINARY SKILL**

As I informed you at the commencement of trial, the parties agree that a person of ordinary skill in the art would have an engineering degree and experience in the areas of sensors, control systems, and electromechanical devices.

## 2.8    THE PATENT CLAIMS

The claims of a patent are the numbered sentences at the end of the patent.  The claims describe what the patent owner may prevent others from doing.

Claims are usually divided into parts, called "limitations" or "elements."  For example, a claim that covers the invention of a table may describe the tabletop, four legs, and glue that holds the legs and the tabletop together.  The tabletop, legs, and glue are each a separate limitation or element of the claim.

We are concerned with claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent.  I may also refer to these claims as the "asserted claims."  Northgate contends that W.O.M. and Stryker infringed each of these claims.  W.O.M. and Stryker deny this and contend that the claims are invalid.

To decide whether W.O.M. and Stryker infringed the '592 patent, you must compare the asserted claims to the PneumoSure and PneumoSure XL Insufflators.  I will collectively refer to these products as the PneumoSure Insufflator as both products have the same elements that are at issue in this litigation.

Similarly, in deciding a challenge to the validity of a patent, you must compare the asserted claims to the asserted prior disclosures.  In reaching your determinations with respect to infringement and invalidity, you must consider each asserted claim of the patent separately.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.2.4.  Modified "prior art" to "prior disclosure."

## 2.9    INDEPENDENT AND DEPENDENT CLAIMS

Patent claims may exist in two forms, called independent claims and dependent claims.  An independent claim stands on its own and does not refer to any other claim of the patent.  A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the elements of the other claims to which it refers, as well as the elements in the dependent claim itself.  Claims 1, 25, and 42 of the '592 patent are independent claims, and claims 2, 3, 9, 10, 26, and 43 are dependent claims.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.2.6.  Modified "prior art" to "prior disclosure."

## 2.10    "COMPRISING"

When a patent claim uses the term "comprising," it means that the invention includes the listed elements, but is not limited to those elements.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.2.8.

## 2.11    ISSUES TO BE DECIDED

The issues you have to decide are: (1) whether Northgate has proven by a preponderance of the evidence that PneumoSure Insufflator infringes claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent; (2) whether Northgate has proven by clear and convincing evidence that W.O.M.'s and/or Stryker's infringement of the '592 patent, if any, was willful; and (3) whether W.O.M. and Stryker have proven by clear and convincing evidence that each of the asserted claims is invalid.

**Northgate's Comment:**

Based on Jury Instructions at 9, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

## 2.12    INFRINGEMENT — INSTRUCTIONS

A product infringes a patent claim if every element in the claim is found in the PneumoSure Insufflator product.  The patent claims are the numbered paragraphs at the end of a patent. While the patent also includes diagrams and text, known as the patent's "specification," that describe the invention or give examples of how it could be used, the claims are what define what the patent covers.

Each claim is treated as though it is a separate patented invention.  Northgate does not need to prove that W.O.M. and Stryker have infringed all of the claims in a patent for you to find infringement.   If  W.O.M. and Stryker infringed even a single claim, then they have infringed Northgate's patent.

**Northgate's Comment:**

Based on Jury Instructions at 9-10, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

## 2.13    DETERMINING INFRINGEMENT

As I stated previously, infringement occurs if each element of a particular asserted claim or the equivalent of that element is found in the PneumoSure Insufflator.  As I have explained, Northgate contends that W.O.M. and Stryker infringed claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent.  To determine whether W.O.M. and Stryker infringed Northgate's patent, you must compare the PneumoSure Insufflator against each one of these claims.

You must decide whether there is infringement separately for each asserted claim. For infringement, Northgate is not required to prove that W.O.M. or Stryker intended to infringe or knew of the '592 patent.  In order to find infringement of a dependent claim, you must first determine that its corresponding independent claim has been infringed.

You don't have to be certain in order to find infringement, but you have to be convinced that it is more likely than not that W.O.M. and Stryker infringed, even if just a little more likely than not. Northgate must prove that every element in the claim that you are considering is found in the PneumoSure Insufflator.  This can be proven in either of two ways.  An element of a claim is found in the PneumoSure Insufflator if the element in the product is exactly the same as it is in the claim in Northgate's patent, or alternatively, if the element in the PneumoSure Insufflator is "equivalent" to the element in the claim.

An element in the PneumoSure Insufflator is equivalent to an element in the patent if the differences between the two would be thought insubstantial by a person of ordinary with skill and knowledge about the field of laparoscopic insufflators.  To determine whether the differences are insubstantial, you may consider whether the element in question performs substantially the same function, in substantially the same way, to achieve substantially the same result, as an element of the claim.  If so, the elements are equivalent.

**Northgate's Comment:**

Based on Jury Instructions at 10-11, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 8-9, 42, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012), and the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.2.11.4.

## 2.14    WILLFUL INFRINGEMENT

Northgate contends that W.O.M and/or Stryker infringed Northgate's patent willfully.  If you find infringement of one or more claims of the '592 patent, you must decide whether the infringement was willful.  Willfulness must be proven by clear and convincing evidence.

There are two questions.  First, Northgate must show that it is highly probable that W.O.M and/or Stryker were aware of the '592 patent and continued their actions despite an objectively high probability those actions infringed the '592 patent.  W.O.M and/or Stryker's state of mind is not relevant to this inquiry.  Second, Northgate must also prove there was an objectively high probability the infringement was either known, or so obvious that it should have been known, to W.O.M and/or Stryker.

In determining willfulness, you must consider the totality of the circumstances.  The totality of the circumstances comprises a number of factors, which include, but are not limited to whether W.O.M and/or Stryker intentionally copied the claimed invention or a product covered by the patent, whether Stryker relied on competent legal advice, and whether the Defendants presented a substantial defense to infringement, including the defense that the patent is invalid.

**Northgate's Comment:**

Based on Jury Instructions at 10-11, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 8-9, 42, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012), and the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.2.11.4.

*Invalidity*

### 3.1 VALIDITY — GENERAL

After considering infringement and willfulness, you also must consider validity. W.O.M. and Stryker contend that all the asserted claims are invalid. If W.O.M. and Stryker prove that all of the asserted patent claims are invalid, they win the case even if they infringe Northgate's patent.

Each of the claims of the '592 patent is presumed to be valid. For that reason, W.O.M. and Stryker have the burden of proving invalidity by clear and convincing evidence.

You must evaluate and determine separately the validity of each asserted claim of the patent.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.3.1.

**3.2    SECTION 102 AND 103 DEFENSES — DEFINITION OF "PRIOR DISCLOSURE"**

In addressing W.O.M.'s and Stryker's invalidity defenses, you will have to consider what was disclosed in "prior disclosures."

To qualify as a prior disclosure, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the priority date of the patent application.  The priority date of the '592 patent is March 31, 1998.

**Northgate's Comment:**

Based on Jury Instructions at 16, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 9, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012).

**3.3    SECTION 102 DEFENSES — ANTICIPATION**

A patent claim is invalid if the invention it describes is not new.  If there is a single prior disclosure that already shows the same invention covered by a patent claim, then the claim is invalid because it is "anticipated" by that prior invention reference.

W.O.M. and Stryker contend that claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent are invalid because they are anticipated by a prior disclosure.

To succeed on this contention, W.O.M. and Stryker must prove two things by clear and convincing evidence:

1.    All of the elements of each of the claims you are considering are expressly stated or inherent in the single prior disclosure.

2.    A person of ordinary skill in the field of the invention, looking at the single prior disclosure, would be able to make and use the invention disclosed in the claim without an unreasonable amount of experimentation. Whether the amount of experimentation is unreasonable depends on the complexity of the field of the invention and the level of expertise and knowledge of persons of ordinary skill in that field.

If you find that W.O.M. and Stryker have proven each of these by clear and convincing evidence as to a particular asserted claim, then you must find for W.O.M. and Stryker on that asserted claim.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.3.5.

## 3.4 OBVIOUSNESS

W.O.M. and Stryker contend that claims 1, 2, 3, 9, 10, 25, 26, 42, and 43 of the '592 patent are invalid because they are obvious.

To prove invalidity based upon obviousness, W.O.M. and Stryker must prove by clear and convincing evidence that a person of ordinary skill as defined earlier, and who knew all the "prior disclosures" existing when the invention was made, would have been able to invent the patented product at that time, or in other words, would have viewed the invention as obvious. "Prior invention" means all the information that is publicly known, used by others, or available on the date of the invention to a person of ordinary skill.  For example, other patents, inventions, products, articles, books, and scientific literature are all prior inventions.  To evaluate obviousness, you should assume that the person of ordinary skill knows all the "prior disclosures" existing when the invention was made. If you combine multiple references to find all the elements of the claims, you should decide if there was a reason or motivation to combine them, including market pressure to solve a problem.[1]  You should then determine what would have been thought obvious when using common sense.[2] In making this determination, you should consider that it may be obvious to apply a solution designed to solve one problem to a different problem in a different field, if doing so would yield predictable results.[3]  You must not use hindsight; that is, you must not consider what is known now.

In making your decision regarding obviousness, you should consider the scope and content of the prior disclosures and also any differences between the prior disclosures and the invention in the patent claim.

You also must consider the following factors, which may support the non-obviousness of Northgate's invention:

1. whether the invention achieved commercial success, so long as the commercial success resulted from the claimed invention, rather than from something else, such as innovative marketing;
2. whether the invention satisfied a long-felt need;
3. whether others failed in attempting to make the invention;
4. whether others, including W.O.M. and Stryker, copied the invention;
5. whether the invention achieved unexpected results;
6. whether others praised the claimed invention; or
7. whether the inventor proceeded contrary to the accepted wisdom.

These factors may often be the most probative evidence in the record, because it may establish that an invention appearing to have been obvious in light of prior disclosures was not.[4]

---

[1] *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419 (2007).
[2] *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007).
[3] *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 401, 420 (2007).
[4] *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling, USA, Inc.*, 699 F.3d 1340, 1349 (Fed. Cir. 2012).

However, these factors do not have to be present for the claims to remain valid. And it is for you to decide how much weight to give each factor that you find is present.

Two more points: (1) Because most inventions are built on prior knowledge, the fact that each element of a claim is found in prior disclosures is not enough, by itself, to prove obviousness. (2) In determining whether W.O.M. and Stryker have proved obviousness, you may combine multiple prior disclosures, only if you are convinced that a person of ordinary skill would have thought it obvious to combine them.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 10, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012). Modified "prior art" to "prior disclosure."

## 4.1    CONCLUDING INSTRUCTIONS

When you go to the jury room for your deliberations, first select a presiding juror to be the foreperson.  He or she will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.  Take them to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Northgate's Comment:**

Based on Jury Instructions at 18, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**4.2    VERDICT**

The verdict must represent the considered judgment of each juror and must be unanimous, whether the verdict is in favor of the Northgate or W.O.M. and Stryker, or for Northgate on some issues and W.O.M. and Stryker on others.  You should make every reasonable effort to reach a unanimous verdict and in doing so you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views, and to change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

**Northgate's Comment:**

Based on Jury Instructions at 18, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**4.3     QUESTIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any other means.  If you have trouble reaching a unanimous verdict, you're not to tell me or anyone else which side is favored by more jurors.

**Northgate's Comment:**

Based on Jury Instructions at 18, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NORTHGATE TECHNOLOGIES, INC.** | | |
| *Plaintiff,* | | **Case No.: 1:12-cv-7032** |
| **v.** | | **Honorable Richard A. Posner** |
| **STRYKER CORPORATION d/b/a STRYKER ENDOSCOPY and W.O.M. WORLD OF MEDICINE AG** | | |
| *Defendants.* | | |

## PLAINTIFF NORTHGATE TECHNOLOGIES, INC.'S PROPOSED JURY VERDICT FORM (LIABILITY)

### JURY VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the following questions:

### NORTHGATE'S '592 PATENT

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

**Infringement.** For each asserted claim below, do you find that Northgate has proven, by a preponderance of the evidence, that the PneumoSure and PneumoSure XL Insufflators infringe the '592 patent, either literally or under the doctrine of equivalents? Answer "Yes" (for Northgate) or "No" (for W.O.M./Stryker) for each claim separately:

| | | |
|---|---|---|
| Claim 1 [Independent claim] | ____ Yes | ____ No |
| Claim 2 [Depends from claim 1] | ____ Yes | ____ No |
| Claim 3 [Depends from claim 1] | ____ Yes | ____ No |
| Claim 9 [Depends from claim 1] | ____ Yes | ____ No |
| Claim 10 [Depends from claim 1] | ____ Yes | ____ No |
| Claim 25 [Independent claim] | ____ Yes | ____ No |
| Claim 26 [Depends from claim 25] | ____ Yes | ____ No |
| Claim 42 [Independent claim] | ____ Yes | ____ No |
| Claim 43 [Depends from claim 42] | ____ Yes | ____ No |

**Willful Infringement.** If you find that the PneumoSure and PneumoSure XL Insufflators have not infringed any of the asserted claims of the '592 patent, skip this question. Otherwise, has Northgate proved by clear and convincing evidence that:

1, W.O.M. infringed the '592 patent willfully?

_____ Yes (For Northgate)

_____ No (For W.O.M.)


2. Stryker infringed the '592 patent willfully?

_____ Yes (For Northgate)

_____ No (For Stryker)

**Invalidity (Anticipation)**.  For each asserted claim below, do you find that W.O.M./Stryker have proven, by clear and convincing evidence, that every element of that claim is found in a single prior disclosure?  Answer "Yes" (for W.O.M./Stryker) or "No" (for Northgate) for each claim separately.

Claim 1      _____ Yes _____ No

Claim 2      _____ Yes _____ No

Claim 3      _____ Yes _____ No

Claim 9      _____ Yes _____ No

Claim 10      _____ Yes _____ No

Claim 25      _____ Yes _____ No

Claim 26      _____ Yes _____ No

Claim 42      _____ Yes _____ No

Claim 43      _____ Yes _____ No

**Invalidity (Obviousness)**.  For each asserted claim below, do you find that W.O.M./Stryker have proven, by clear and convincing evidence, that the claim would have been obvious to a person of ordinary skill in the field of the invention in view of the prior disclosures at the time the application for the '592 patent was filed? Answer "Yes" (for W.O.M./Stryker) or "No" (for Northgate) for each claim separately.

Claim 1      _____ Yes _____ No

Claim 2      _____ Yes _____ No

Claim 3      _____ Yes _____ No

Claim 9      _____ Yes _____ No

Claim 10      _____ Yes _____ No

Claim 25      _____ Yes _____ No

Claim 26      _____ Yes _____ No

Claim 42      _____ Yes _____ No

Claim 43      _____ Yes _____ No

The Presiding Juror should sign and date the verdict form in the spaces below and notify the marshal that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: _____, 2014        _____

                                                            Signature

Dated this 12th day of May, 2014      Respectfully submitted,

Northgate Technologies, Inc.

/s/*David P. Lindner*

William H. Frankel
Illinois Bar No.: 3127933
Email: wfrankel@brinksgilson.com
Robert S. Mallin
Illinois Bar No. 6205051
Email: rmallin@brinksgilson.com
David P. Lindner
Illinois Bar No.: 6283382
Email: dlindner@brinksgilson.com
Laura A. Lydigsen
Illinois Bar No.: 6286759
Email: llydigsen@brinksgilson.com
Manish K. Mehta
Illinois Bar No.: 6290204
Email: mmehta@brinksgilson.com
James M. Oehler
Illinois Bar No.: 6301897
Email: joelher@brinksgilson.com
Brinks Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for:
*Northgate Technologies, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 12, 2014, I electronically filed the foregoing **Plaintiff**

**Northgate Technologies Inc.'s Proposed Jury Instructions (Liability)** with the Clerk of the

Court using the CM/ECF system which will automatically send a notice of electronic filing to all

persons registered for ECF in this case as of that date.

/s/ *David P. Lindner*
*Attorney for Northgate Technologies, Inc.*