**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NORTHGATE TECHNOLOGIES, INC.** | |
| *Plaintiff,* | Case No.:     **1:12-cv-7032** |
| **v.** | **Honorable Richard A. Posner** |
| **STRYKER CORPORATION d/b/a STRYKER ENDOSCOPY and W.O.M. WORLD OF MEDICINE AG** | |
| *Defendants.* | |

## PLAINTIFF NORTHGATE TECHNOLOGIES, INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM (DAMAGES)

Northgate suggests that the Federal Civil Jury Instructions of the Seventh Circuit prepared by The Committee on Pattern Civil Jury Instructions of the Seventh Circuit and revised in 2009, are the most appropriate starting point for jury instructions in this case. Thus, Northgate submits the following proposed Jury Instructions, which are based upon the Seventh Circuit's Pattern Instructions. Where Northgate has substantively modified an instruction, it is noted at the bottom of the instruction. Northgate's proposed verdict form on liability is included at the end of its proposed jury instructions on liability.

Portions of the proposed instructions are also based on the Federal Judicial Center's Proposed Model Jury Instructions for The Use of Electronic Technology to Conduct Research on or Communicate about a Case, prepared by the Judicial Conference Committee on Court Administration and Case Management in June 2012. Finally, some proposed instructions are based on the proposed and final jury instructions in *Apple Inc. v. Motorola, Inc.*, No. 11-8540. Northgate's proposed verdict form regarding damages is included at the end of this document.

*Preliminary Instructions (Damages)*

## 1.1 INTRODUCTION

This is a patent case. It involves U.S. Patent No. 6,299,592. Patents are often referred to by their last three digits. I will call the patent in this case the '592 patent.

The '592 patent relates to a laparoscopic insufflator. A laparoscopic insufflator delivers gas to inflate a patient's abdomen during laparoscopic surgery. During the trial, the parties will offer testimony to teach you about this technology.

The parties to the lawsuit are Northgate Technologies, Inc. (which the parties call "Northgate"), W.O.M. World of Medicine AG (which the parties call "W.O.M."), and Stryker Corporation, which does business as Stryker Endoscopy (which the parties call "Stryker"). Northgate is the plaintiff and the owner of the '592 patent, and manufactures insufflators in Elgin, Illinois. W.O.M. and Stryker are the defendants. W.O.M. manufacturers medical equipment in Germany and imports it into the United States. W.O.M. products include insufflators, which it sells to medical device companies, such as Stryker.

A jury trial on liability was held on _____. The jury found that W.O.M. was infringing the '592 patent by its importing into the United States and offering to sell and selling the PneumoSure and PneumoSure XL Insufflators to Stryker. The jury also found that Stryker was infringing the '592 patent by importing into the United States and offering to sell and selling the PneumoSure and PneumoSure XL Insufflators to hospitals and other customers. I may refer to the PneumoSure and PneumoSure XL Insufflators as the "infringing products."

Your role in this case is to now decide the amount of damages that would reasonably compensate Northgate for that infringement. I will give more detailed instructions regarding damages shortly. First, I want to discuss your role in this litigation.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.1.

2

**1.2 JURY'S ROLE & ISSUES TO BE DECIDED**

The jury's role is to determine the facts relating to the legal issues.  I will tell you what the law is and you'll apply the law to the facts to determine which side wins.  Nothing I say during the trial is intended to indicate what I think the facts are or your verdict should be.  You are the decision makers.  Although this is a civil case rather than a criminal case, it is very important to the parties.  They and I expect you to make a careful, thoughtful, conscientious decision, bearing in mind the importance of the case to the parties.  The parties are business firms rather than individuals, but they have legal rights just as individuals do and are entitled to the same consideration that you would give a case between individuals.

I will now give you some information about the law and the issues that will be presented to you at this trial.  At the close of the trial, I will give you specific instructions about the law you are to follow as you deliberate to reach your verdict.  You must follow the law as I describe it to you.

**Northgate's Comment:**

Based on Jury Instructions at 5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012) and the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.1.6.

**1.3 DAMAGES – BURDEN OF PROOF**

Northgate must prove its damages by a preponderance of the evidence.  This means that Northgate must persuade you that its contentions are more probably true than not true.  I will describe Northgate's contentions regarding the issue of damages next.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.4.1.

**1.4 DAMAGES – REASONABLE ROYALTY**

The damages you award must be adequate to compensate Northgate for the infringement.  Your damages award should put Northgate in approximately the same financial position that it would have been in had the infringement not occurred.

In this case, Northgate contends that it is entitled to recover damages in the amount of a reasonably royalty. A reasonable royalty is defined as the amount the patent owner and someone wanting to use the patented invention would agree upon as a fee for use of the invention.

A royalty is a payment made to the owner of a patent by someone else so that he can make; use; sell; or import the patented invention.  A "reasonable royalty" is the amount Northgate, on one hand, and W.O.M. and Stryker, on the other, would have agreed upon as a royalty at the time Defendants' infringement began.

In determining a reasonable royalty, you should assume that Northgate would have been willing to allow W.O.M. and Stryker to make; use; sell; and import the patented invention and that W.O.M. and Stryker would have been willing to pay Northgate to do so.  You should take into account what parties' expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations.  You should assume that both Northgate and W.O.M. and Stryker would have believed that Northgate's patent was valid and infringed.  You should also assume that W.O.M. and Stryker would have been willing to pay, and Northgate would have been willing to accept, the reasonable royalty they negotiated.  Your role is to determine what the parties would have agreed upon if they had negotiated in this manner, not just what one of the parties would have preferred.

**Northgate's Comment:**

Based on The Federal Circuit Bar Association Model Patent Jury Instruction at 66 and Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.4.4.

**1.5 Date of Commencement of Damages – Products**

In determining the amount of damages, you must determine when the damages began. Damages commence on the date that the '592 patent was infringed.  Northgate, W.O.M. and Stryker agree that date was May 2007.

**Northgate's Comment:**

Based on The Federal Circuit Bar Association Model Patent Jury Instruction at 73.

## 1.6 EVIDENCE

The evidence you'll be hearing or reading consists of testimony of witnesses, documents admitted into evidence as exhibits, and any fact that the lawyers agree to or that I may instruct you to accept as being true. The exhibits are in binders, one for each side, which you will be given momentarily.

The parties may present the testimony of a witness by playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had appeared in court. The witnesses will include laypeople and experts who will testify about each side's case. Each of the plaintiff and defendants have employed an expert to testify about damages. The parties have also agreed to jointly employ a third expert, who will also testify about damages.

Certain things are not evidence and must not be considered by you:

a. Statements, arguments, and questions by lawyers.

b. Objections to questions or exhibits. Lawyers are entitled to object when evidence being offered is inadmissible. If the objection is sustained, ignore the question or exhibit. If the objection is overruled, treat the answer or exhibit like any other.

c. Testimony that I have excluded or told you to disregard.

d. Anything you may have heard or read about this matter outside the courtroom. You're to decide the case solely on the basis of the evidence presented in the courtroom.

e. Certain exhibits that are called "demonstrative exhibits," such as presentation slides, models, diagrams, graphs, and sketches, may be shown to you but they are not themselves evidence; they're just to help you understand the case better.

In deciding whether any fact has been proved, you should consider all the evidence relating to the question regardless of which side introduced it. You should also decide how much of a witness's testimony to accept or reject.

**Northgate's Comment:**

Based on Jury Instructions at 5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), modified to describe layperson and expert witnesses.

## 1.7 JURY CONDUCT

A few words about your conduct as jurors.

You are not to discuss the case among yourselves until at the end of the case when you go to the jury room to deliberate and to decide on your verdict.

You're not to talk to anyone (including members of your family, and friends) or make any public or online comments about this case until the trial has ended and you have been discharged as jurors.

You're not to read or listen to anything bearing on this case in any way, including news stories, radio or television reports, or the Internet. You're not to do any research or conduct any other type of investigation of the case, the lawyers, the witnesses, or the companies that are the parties. If anyone tries to talk to you about the case, bring that to my attention promptly.

Keep an open mind while listening to and reading all the evidence. Don't form an opinion until all the evidence is in.

You've been given pads on which to make notes if you want, but leave the pads in the jury room at the end of each day, until you begin your deliberations with the other jurors. Try not to look at other jurors' notes; but if you inadvertently see them, don't let them influence you, because they may not be accurate

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, smart phones, tablets, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your phone, through e-mail, telephone, text messaging, or through any blog or website, including Facebook, Google+, My Space, LinkedIn, Twitter, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 4-5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012), Jury Instructions at 5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012), and Federal Judicial Center's Proposed Model Jury Instructions – The Use of Electronic Technology to Conduct Research on or Communicate about a Case.

**1.8 TRIAL TO BEGIN**

The trial will now begin.  Each side will make an opening statement.  That is not evidence, but just a sketch of what the party intends to prove.  Next each side will present its witnesses, and the lawyers for the other side will cross-examine them, to try to bring out errors, if any, in their testimony.  After all the witnesses have testified, the lawyers will present closing arguments.  I will then give you final instructions, setting forth the law in somewhat greater detail than in these preliminary instructions, and you'll then go to the jury room with a copy of the instructions, your notes, and your evidence binders, to deliberate on your verdict.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 4-5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012) and Jury Instructions at 7, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

*Final Instructions (Damages)*

## 2.1 INTRODUCTION

Members of the jury, you've seen and heard all the evidence and arguments of the lawyers. Now it's your turn. You'll decide, on the basis of the evidence you've heard and read, what the facts are that relate to how the case should be decided, and you'll apply the law that I explain to you in these instructions to the facts to reach a verdict – the final determination of how the case will turn out. You must follow my legal instructions, even if you disagree with them, because they state the law, and you must apply the law, just like a judge.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said during the trial, is meant to indicate what I think the facts are or your verdict should be.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.2 EVIDENCE**

The evidence consists of testimony of the witnesses, the exhibits admitted in evidence, and stipulations, which are agreements between both sides that certain facts are true. You should give the same consideration to testimony presented to you by video as you would if the witnesses had come to court and testified live.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.3 NOT EVIDENCE**

These things are not evidence:

- Testimony or exhibits that I ordered stricken.

- Anything you saw or heard outside this courtroom.

- Questions to witnesses, and objections to questions by lawyers.

- The lawyers' opening statements and closing arguments.

Any notes you took during the trial; they are just to help you remember things.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.4  CONSIDER ALL EVIDENCE**

In determining whether any fact has been proved, you should consider all of the evidence relating to the question regardless of which side introduced it.

**Northgate's Comment:**

Based on Jury Instructions at 8, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.5 WEIGHT OF FACT TESTIMONY**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, and how much weight, if any, to give the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Northgate's Comment:**

Based on Exhibit H1 to Proposed Final Pretrial Order – Apple & Motorola's Proposed Jury Instructions at 4-5, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. May 18, 2012).

**2.6 WEIGHT OF EXPERT TESTIMONY**

You have heard some opinions from witnesses who are called "expert witnesses" who have specialized knowledge.  You should weigh this testimony in the same way that you weigh the testimony of any other witness.

You are not required to accept an expert's opinion, but you must give an expert's testimony the weight you think it deserves, considering the reasons for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Northgate's Comment:**

Based on Jury Instructions at 9, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**2.7     ISSUES TO BE DECIDED**

You must consider what amount of damages to award to Northgate.  Northgate must prove damages by a preponderance of the evidence.

I will now instruct you about the measure of damages.  You are to award Northgate damages adequate to compensate Northgate for that infringement.  The damages you award are intended to compensate the patent holder, not to punish the infringer.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.4.1.

## 2.8 REASONABLE ROYALTY

Northgate contends that it is entitled to recover damages in the amount of a reasonably royalty. A reasonable royalty is defined as the amount the patent owner and someone wanting to use the patented invention would agree upon as a fee for use of the invention.

A royalty is a payment made to the owner of a patent by someone else so that he can make; use; sell; or import the patented invention. A "reasonable royalty" is the amount Northgate, on one hand, and W.O.M. and Stryker, on the other, would have agreed upon as a royalty at the time Defendants' infringement began.

In determining a reasonable royalty, you should assume that Northgate would have been willing to allow W.O.M. and Stryker to make; use; sell; and import the patented invention and that W.O.M. and Stryker would have been willing to pay Northgate to do so. You should take into account what parties' expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both Northgate and W.O.M. and Stryker would have believed that Northgate's patent was valid and infringed. You should also assume that W.O.M. and Stryker would have been willing to pay, and Northgate would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what the parties would have agreed upon if they had negotiated in this manner, not just what one of the parties would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

- Whether Northgate had a policy of licensing or not licensing the patents;

- Whether the parties are competitors;

- Whether use of the patented invention helps to make sales of other collateral products or services (e.g., whether the patented insufflator generates sales for other nonpatented items such as tubesets);

- Whether the product made using the patent is commercially successful, as well as its profitability;

- The advantages of using the patented invention over products not covered by the patent;

- The extent of W.O.M. and Stryker's use of the patented invention and the value of that use to W.O.M. and Stryker;

- The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by W.O.M. and Stryker; and

- Expert testimony regarding what would be a reasonable royalty.

**2.9 CONVOYED OR COLLATERAL SALES**

Northgate contends that the patented product is normally sold along with other collateral products, such as tubesets. To recover a reasonable royalty for such collateral sales, Northgate must prove two things:

1. It is reasonably probable that Northgate would have sold the collateral products if W.O.M. and Stryker had not infringed; and

2. The collateral products function together with the patented product as a functional unit. Northgate may not recover lost profits on other products or services that might be sold along with the patented product for convenience or business advantage, but that are not functionally part of the patented product.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.4.3.4.

**3.1 CONCLUDING INSTRUCTIONS**

When you go to the jury room for your deliberations, first select a presiding juror to be the foreperson.  He or she will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.  Take them to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Northgate's Comment:**

Based on Jury Instructions at 18, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**3.2 VERDICT**

The verdict must represent the considered judgment of each juror and must be unanimous.  You should make every reasonable effort to reach a unanimous verdict and in doing so you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views, and to change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

**Northgate's Comment:**

Based on Jury Instructions at 18, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**3.3 QUESTIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any other means.  If you have trouble reaching a unanimous verdict, you're not to tell me or anyone else which side is favored by more jurors.

**Northgate's Comment:**

Based on Jury Instructions at 18, *Apple Inc. v. Motorola, Inc.*, No. 11-8540 (N.D. Ill. June 5, 2012).

**3.4 TOTALING THE DAMAGE AWARD**

Any amounts that you award should be set out separately on the verdict form that I will give you.

**Northgate's Comment:**

Based on the Seventh Circuit Pattern Jury Instructions – Civil (2009) 11.4.7.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NORTHGATE TECHNOLOGIES, INC.** | |
| *Plaintiff,* | **Case No.:     1:12-cv-7032** |
| **v.** | **Honorable Richard A. Posner** |
| **STRYKER CORPORATION d/b/a STRYKER ENDOSCOPY and W.O.M. WORLD OF MEDICINE AG** | |
| *Defendants.* | |

**PLAINTIFF NORTHGATE TECHNOLOGIES, INC.'S PROPOSED
JURY VERDICT FORM (DAMAGES)**

**JURY VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the following question:

**DAMAGES TO NORTHGATE FROM W.O.M./STRYKER**

What sum of money do you find would fairly and reasonably compensate Northgate for the past infringement of the '592 patent?

      Answer in dollars and cents.

      Answer      $ _____.

The Presiding Juror should sign and date the verdict form in the spaces below and notify the marshal that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: _____, 2014         _____

                                            Signature

Dated this 12th day of May, 2014          Respectfully submitted,

Northgate Technologies, Inc.

/s/ *David P. Lindner*

William H. Frankel
Illinois Bar No.: 3127933
Email: wfrankel@brinksgilson.com
Robert S. Mallin
Illinois Bar No. 6205051
Email: rmallin@brinksgilson.com
David P. Lindner
Illinois Bar No.: 6283382
Email: dlindner@brinksgilson.com
Laura A. Lydigsen
Illinois Bar No.: 6286759
Email: llydigsen@brinksgilson.com
Manish K. Mehta
Illinois Bar No.: 6290204
Email: mmehta@brinksgilson.com
James M. Oehler
Illinois Bar No.: 6301897
Email: joelher@brinksgilson.com
Brinks Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for:
*Northgate Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2014, I electronically filed the foregoing **Plaintiff**

**Northgate Technologies Inc.'s Proposed Jury Instructions (Damages)** with the Clerk of the

Court using the CM/ECF system which will automatically send a notice of electronic filing to all

persons registered for ECF in this case as of that date.

/s/ *David P. Lindner*
*Attorney for Northgate Technologies, Inc.*